ORIGINAL

1  KAREN P. HEWITT
   United States Attorney
2  CALEB E. MASON
   Assistant U.S. Attorney
3  California State Bar No. 246653
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5956

6  Attorneys for Plaintiff
   United States of America

7

FILED
AUG 1 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,      )   Criminal Case No. 08MJ8605
                                  )                     08cr2538JAH
12             Plaintiff,          )
                                  )
13        v.                      )   PLEA AGREEMENT
                                  )   (Fast-Track)
14 SERVANDO DAVID LOZOYA-VAL,     )
                                  )
15             Defendant.          )
                                  )
16 _____  )

17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18 AMERICA, through its counsel, Karen P. Hewitt, United States Attorney,

19 and Caleb E. Mason, Assistant United States Attorney, and defendant,

20 SERVANDO DAVID LOZOYA-VAL, with the advice and consent of

21 Daniel M. Davis, counsel for defendant, as follows:

22 //
23 //
24 //
25 //
26 //
27 //
28 CEM:es:7/29/08

                                              Def. Initials SDLV

# I

# THE PLEA

A. <u>The Charge</u>. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> knowingly and intentionally importing 5 kilograms or more, to wit: approximately 22.70 kilograms (49.94 pounds) of Cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, on or about July 5, 2008, within the Southern District of California, in violation of 21 U.S.C. §§ 952 and 960.

B. <u>Early Disposition (Fast-Track) Program</u>. The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

C. <u>Program Requirements</u>. As part of this plea agreement, and as set forth in Section X.A.6. below, the United States will move the Court to depart downward two offense levels under USSG § 5K3.1 provided defendant complies with the following early disposition (Fast-Track) program requirements, to which defendant specifically agrees: (1) waives indictment, (2) files or argues no substantive motions, including those described in Fed. R. Crim. P. 12, (3) pleads guilty within 60 days of arraignment on the complaint initially filed against defendant ("arraignment"), (4) if defendant is illegally in the United States, stipulates to removal after completion of the sentence, and (5) waives appeal and collateral attack of the conviction and sentence (<u>see</u> Section XI below).

D. <u>Timeliness/Offer Revocation</u>. The disposition contemplated by this agreement is conditioned on (1) the original plea agreement being signed by defendant and defense counsel and returned to

Def. Initials

2

Government counsel not later than five business days before the disposition date, and (2) the guilty plea being entered on or before **September 5, 2008.** Further, in the event that defendant seeks a delay in the disposition in this case to a date beyond 60 days of arraignment, the United States may in its sole discretion revoke the disposition offer contained in this plea agreement and seek defendant's indictment on the underlying charge(s).

E. <u>Forfeiture</u>. The defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881. The defendant further waives his right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant warrants and represents as a material fact that all property in which he has any interest may be forfeited as described above.

## II

## NATURE OF THE OFFENSE

A. <u>ELEMENTS EXPLAINED</u>

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant intentionally brought Cocaine into the United States; and

2. Defendant knew that it was Cocaine or some other prohibited drug.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime,

Def. Initials SDW
08CR 2538

and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. That on or about July 5, 2008, defendant knowingly and intentionally drove a 2003 Dodge Ram 2500 truck ("the vehicle"), bearing Baja California, Mexico license AM-22-630, from Mexico into the United States through the Calexico, California West Port of Entry (POE).

2. That at the time the vehicle described above entered the United States through the Calexico, West POE, concealed within the vehicle was approximately 22.70 kilograms (49.94 pounds) of Cocaine, a Schedule II Controlled Substance.

3. That at the time defendant knowingly and intentionally drove the vehicle described above into the United States through the Calexico, West POE, he knew that the vehicle contained approximately 22.70 kilograms (49.94 pounds) of Cocaine, or some other prohibited drug.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A. a maximum life in prison; and a mandatory minimum of 10 years;

B. a maximum $4,000,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of at least 5 years but no more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

Def. Initials ⎫⎭⎫⎭⎫⎭

08CR 2538

  B. a speedy and public trial by jury;

  C. the assistance of counsel at all stages of trial;

  D. confront and cross-examine adverse witnesses;

  E. present evidence and to have witnesses testify on behalf of defendant; and

  F. not testify or have any adverse inferences drawn from the failure to testify.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

  The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

  Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

//
//
//
//

Def. Initials SDW

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with

Def. Initials

1 defense counsel and understands that the Guidelines are only advisory,
2 not mandatory, and the court may impose a sentence more severe or less
3 severe than otherwise applicable under the Guidelines, up to the
4 maximum in the statute of conviction. Defendant understands further
5 that the sentence cannot be determined until a presentence report has
6 been prepared by the U.S. Probation Office and defense counsel and the
7 Government have had an opportunity to review and challenge the
8 presentence report. Nothing in this plea agreement shall be construed
9 as limiting the Government's duty to provide complete and accurate
10 facts to the district court and the U.S. Probation Office.

11                                  IX

12            **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

13        This plea agreement is made pursuant to Federal Rule of Criminal
14 Procedure 11(c)(1)(B). Defendant understands that the sentence is
15 within the sole discretion of the sentencing judge. The Government
16 has not made and will not make any representation as to what sentence
17 defendant will receive. Defendant understands that the sentencing
18 judge may impose the maximum sentence provided by statute, and is also
19 aware that any estimate of the probable sentence by defense counsel
20 is a prediction, not a promise, and is **not binding on the Court**.
21 Likewise, the recommendation made by the Government is not binding on
22 the Court, and it is uncertain at this time what defendant's sentence
23 will be. Defendant also has been advised and understands that if the
24 sentencing judge does not follow any of the parties' sentencing
25 recommendations, defendant nevertheless has no right to withdraw the
26 plea.
27 //
28 //

Def. Initials SD W

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A.  **SENTENCING GUIDELINE CALCULATIONS**

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1] | 34 |
| 2. | Base Offense Level [§ 2D1.1 (a)(3)] (Provided the defendant receives an adjustment for role, under § 3B1.2) | 31 |
| 3. | Safety Valve (if applicable) [§§ 2D1.1(b)(11) and 5C1.2] | -2* |
| 4. | Minor Role [§ 3B1.2(b)] | -2 |
| 5. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 6. | Departure for Fast Track [§ 5K3.1] | -2 |
| | **Total Offense Level** | **22** |

*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(11), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that if he does not qualify for § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.

//
//
//

Def. Initials SDW
08CR 2538

    B.    <u>ACCEPTANCE OF RESPONSIBILITY</u>

Notwithstanding paragraph A.5 above, the Government will **not** recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant:

    1.    Fails to admit a complete factual basis for the plea at the time it is entered, or

    2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

    3.    Fails to appear in court, or

    4.    Engages in additional criminal conduct, or

    5.    Attempts to withdraw the plea, or

    6.    Refuses to abide by any lawful court order.

    7.    Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

    C.    <u>ADJUSTMENTS</u>

The parties agree that defendant may request additional downward adjustments and that the Government will oppose any downward adjustment not set forth in Section X, paragraph A above.

    D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

    E.    <u>DEPARTURES</u>

The parties agree that defendant may request additional downward departures, including criminal history departures under USSG § 4A1.3.; however, defendant may not file or argue substantive motions, including those described in Fed. R. Crim. P. 12, under this subsection. The parties agree further that the Government will oppose any downward departure not set forth in Section X, paragraph A above.

Def. Initials _SD W_

08CR 2538

F.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the Government will recommend that defendant be sentenced to the **low end** of the advisory guideline range as calculated by the Government pursuant to this agreement. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as possible to what the sentence would have been if the Government's recommendations had been followed.

H.   SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I.   STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or

Def. Initials SDW
08CR 2538

10

1  any other case. Defendant further waives any right to appeal, reopen
2  or challenge the removal order.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

//
//
//
//

Def. Initials ___

11

08CR 2538

language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

### XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

KAREN P. HEWITT
United States Attorney

DATED 8/4/08

CALEB E. MASON
Assistant U.S. Attorney

DATED 7/31/08

DANIEL M. DAVIS
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

DATED 7/31/08

SERVANDO DAVID LOZOYA-VAL
Defendant

Plea agreement translated to defendant by Matt Mendenhall, Certified Court interpreter, July 31, 2008   *Matt Mendenhall*

13

08 cr 2538